DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF IDAHO

| BRIAN KINNEBREW,<br><br>PLAINTIFF,<br><br>v.<br><br>WESTERN WHOLESALE SUPPLY, INC., an Idaho Corporation; AND WESTERN WHOLESALE INSTALLED SALES, L.L.C., an Idaho Limited Liability Company,<br><br>DEFENDANT. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filing Fee: $ 400.00 |
|---|---|

Plaintiff, Brian Kinnebrew, by and through his counsel of record, Casperson Ulrich Dustin PLLC, and as a cause of action against Defendants Western Wholesale Supply, Inc. and Western Wholesale Installed Sales, L.L.C. alleges and complaints as follows:

**JURISDICTION AND VENUE**

1.  This is an action brought under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, and the common and statutory law of the state of Idaho.

1 - COMPLAINT AND DEMAND FOR JURY TRIAL

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1343, and 1367; and 42 U.S.C. § 12117.

3. Venue in this action properly lies in the United States District Court for the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose, in this judicial district; and venue also properly lies in this district pursuant to 42 U.S.C. § 12117 because the unlawful employment practices were committed in this judicial district.

## PARTIES

4. Plaintiff Brian Kinnebrew ("Kinnebrew") is a male citizen and a resident of the United States of America, who resides in Idaho Falls, Idaho.

5. Defendant Western Wholesale Supply Inc. ("Western Wholesale Supply") is an Idaho corporation with its principal place of business located in Idaho Falls, Idaho.

6. Defendant Western Wholesale Installed Sales, L.L.C. ("Western Wholesale Installed Sales") is an Idaho limited liability company with its principal place of business located in Idaho Falls, Idaho.

7. Western Wholesale Supply and Western Wholesale Installed Sales are collectively referred to hereafter as "Defendants." At all times material to this Complaint, Defendants were joint employers or constituted a single employer of Plaintiff.

8. At all times material to this Complaint, Defendants regularly employed fifteen or more persons, and was engaged in an industry affecting commerce, bringing Defendants within the ambit of 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 12111.

## FACTS COMMON TO ALL COUNTS

9. Kinnebrew realleges and incorporates by reference paragraphs 1 through 8 above, as though fully incorporated herein.

10. Kinnebrew began employment with Defendants in or about late September 2017.

11. Defendants run both businesses from the same address, with the same management, the same owners, etc.

12. On or about October 4, 2017, Kinnebrew injured his back while unloading overhead door panels at work. He experienced instant pain from his low back to his toes.

13. Kinnebrew continued to work until after lunch, hoping he had just pulled a muscle. That same day Kinnebrew informed his supervisor of the workplace injury.

14. Kinnebrew's supervisor, Ed Shareen ("Shareen"), told Kinnebrew "Don't do anything now, let's see how it feels tomorrow."

15. On or about the next morning, Shareen approached Kinnbrew and asked Kinnebrew if he had ever injured his back before. Kinnebrew told Shareen he had injured his back before.

16. Kinnebrew had injured his back approximately two years prior, but worked through his injury and maintained steady employment since the prior injury.

17. Later that same morning, Shareen approached Kinnebrew and said they could not afford to have a claim against their insurance or someone injured, and told Kinnebrew he was fired.

18. Shareen also told Kinnebrew that the prior day was Kinnebrew's last day of employment and Kinnebrew would not be paid for the work he performed on the day he was terminated.

19. Defendants submitted no first report of injury so Plaintiff's injury would be covered.

20. On or about July 27, 2018, Kinnebrew filed a Charge of Discrimination with the Idaho Human Rights Commission, which was dually filed with the Equal Employment Opportunity Commission.

21. Kinnebrew received a Notice of Right to Sue on or about September 4, 2018, from the Idaho Human Rights Commission, and a Notice of Right to Sue on or about September 25, 2018,

from the Equal Employment Opportunity Commission. Kinnbrew has exhausted his administrative remedies.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

22. Kinnebrew realleges and incorporates by reference paragraphs 1 through 21 above, as though fully incorporated herein.

23. At all times relevant hereto, Kinnebrew had a disability as defined by the ADAAA because Kinnebrew suffered from an actual disability, Defendants perceived Kinnebrew as being disabled and/or because Kinnebrew had a record of such disability.

24. The disability Defendants perceived Kinnebrew to have was an impairment to his back.

25. Kinnebrew also has a record of a back impairment and an actual back impairment due to his injury.

26. Kinnbrew was a qualified individual under the ADAAA, i.e., an individual who, with or without reasonable accommodation, could perform the essential function of the position he held.

27. Defendants took adverse employment action against Kinnebrew based upon his actual, perceived, and/or record of disability by refusing to allow Kinnebrew to file a worker's compensation claim and terminating his employment.

28. As a direct and proximate result of Defendants' actions and/or failures to act, Kinnebrew has suffered and will continue to suffer emotional distress consisting of outrage, shock, and humiliation, based upon the discrimination he suffered. Further, Kinnebrew has suffered a loss of earnings and other employment based job opportunities. Kinnebrew is thereby entitled

to general and compensatory damages, such amount to be proven at trial, as well as any equitable remedies available to him.

29. Defendants's conduct was malicious and oppressive, and done with reckless disregard for Kinnebrew's federally protected rights for which Kinnebrew is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(a).

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

30. Kinnebrew realleges and incorporates by reference paragraphs 1 through 29 above, as though fully incorporated herein.

31. Kinnebrew engaged in protected activity by reporting his work-related injury and past disability associated with his back.

32. Defendants subjected Kinnebrew to adverse employment actions subsequent to Kinnebrew engaging in protected activity, including terminating Kinnebrew's employment.

33. Such adverse actions constitute retaliation against Kinnebrew for engaging in protected activity.

34. As a direct and proximate result of Defendants's actions and/or failures to act, Kinnebrew has suffered and will continue to suffer emotional distress consisting of outrage, shock, and humiliation, based upon the discrimination he suffered. Further, Kinnebrew has suffered a loss of earnings and other employment based job opportunities. Kinnebrew is thereby entitled to general and compensatory damages, such amount to be proven at trial, as well as any equitable remedies available to him.

35. Defendants's conduct was malicious and oppressive, and done with reckless disregard for Kinnebrew's federally protected rights for which Kinnebrew is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(a).

## COUNT III
## WRONGFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY

36. Kinnebrew realleges and incorporates by reference paragraphs 1 through 35 above, as though fully incorporated herein.

37. Kinnebrew engaged in protected activity when he reported work-related injuries and/or a disability, and sought medical treatment for a work-related injury.

38. Kinnebrew's work-related injury and his report of the injury was a motivating factor in Defendants termination of Kinnebrew.

39. Defendants violated the public policy of the State of Idaho by its retaliatory actions.

40. As a direct and proximate result of Defendants's actions and/or failures to act, Kinnebrew has suffered and will continue to suffer a loss of earnings and other employment based job opportunities. Kinnebrew is thereby entitled to damages, such amount to be proven at trial, as well as other equitable remedies available to him.

## ATTORNEY'S FEES

41. As a further direct and proximate result of Defendants' actions and/or failures to act, Kinnebrew has been compelled to retain the services of counsel, and has thereby incurred and will continue to incur costs and attorney's fees which should be required to be paid by Defendants pursuant to Idaho Code §§ 12-120 and 12-121; 42 U.S.C. § 12205; and 42 U.S.C. § 2000e-5(k), *et seq.*

## DEMAND FOR JURY TRIAL

Kinnebrew demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Kinnebrew seeks judgment against Defendants as follows:

1. For compensatory and general damages as well as statutorily available damages in an amount as shall be proven at trial, and any available equitable remedies;

2. For punitive damages;

3. For attorney's fees pursuant to statute and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

Dated this 21st day of November, 2018.

/s/
DeAnne Casperson
CASPERSON ULRICH DUSTIN PLLC

Complaint.wpd