UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN KINNEBREW,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTERN WHOLESALE SUPPLY, INC. &<br>WESTERN WHOLESALE INSTALLED<br>SALES L.L.C.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 18-00523-WGY |

YOUNG, D.J.[1]                                June 23, 2021

**MEMORANDUM OF DECISION**

**I.   INTRODUCTION**

On February 24, 2021, this Court denied the defendants' motions for summary judgment. Docket Text Minute Entry (Feb. 24, 2021), ECF No. 47. The motions for summary judgment turn on the question of whether the defendants, Western Wholesale Supply, Inc. ("Supply") and Western Wholesale Installed Sales L.L.C. ("Installed") (collectively, the "Companies"), acted as joint employers during the plaintiff Brian Kinnebrew's ("Kinnebrew") employment. If not, then the Companies elude

---

[1] Of the District of Massachusetts, sitting by designation.

liability under the Americans with Disabilities Act ("ADA") for firing Kinnebrew after he was injured on the job.

Prior to the action's assignment to this Session, the Honorable Chief Judge Nye of the United States District Court for the District of Idaho issued an order denying the Companies' motions to dismiss and granting limited discovery on the issue of whether the Companies qualify as Kinnebrew's "joint employer" under the ADA. Kinnebrew v. W. Wholesale Supply, Inc., Case No. 18-cv-00523-DCN, 2019 WL 3503982, at *2 (D. Idaho Aug. 1, 2019).[2]

---

[2] The prior order reads as follows:

> The core question here is whether the Companies can even be considered an "employer" under the ADA and subject to liability. Until that determination is made, there is little reason to engage in full blown discovery. The Court will, therefore, limit discovery to facts pertaining to the definition of "employer" under the ADA and whether or not [Installed] or the Companies meet that definition.

Kinnebrew v. W. Wholesale Supply, Inc., Case No. 18-cv-00523-DCN, 2019 WL 3503982, at *2 (D. Idaho Aug. 1, 2019). The court further explained in footnote two that:

> After proper discovery on the limited issue of whether the Companies are an "employer" under the ADA, either party may file a motion for summary judgment on that issue. If the Court grants further discovery on other issues in this case, either party may move for summary judgment on those issues as well. In other words, the District's practice of one summary judgment motion per party will not apply to this situation. A party in this case may move for summary judgment on the "employer" issue and, if that motion is denied, still file another summary judgment on other issues later.

Disregarding the prior court's order, the Companies moved for judgment on more than their joint-employer status. In deference to the prior order and because no discovery had been ordered on these other issues, this Court considered only the question of the Companies' joint-employer status.

For the reasons discussed below, this Court held that genuine disputes of material facts exist regarding whether the Companies are joint employers and DENIED the motions for summary judgment.

### A. Factual Background

#### 1. Undisputed Material Facts

Supply is a construction supply company. Def. Western Wholesale Supply, Inc.'s Statement Facts Supp. Summ. J. ("Supply Statement Material Facts") ¶ 1, ECF No. 31-2. Supply was created in 1963, incorporated in 1972 under the laws of Idaho, and has two shareholders, Michael Bean ("Bean") and Ed Wicher ("Wicher"). Id. ¶¶ 1, 4. Bean is the managing partner and president overseeing the day-to-day operations of the company, and Wicher is the secretary officer. Id. ¶ 4.

In 2006, Bean and Wicher created Installed to handle Supply's business of selling and installing overhead garage

---

Id. at *2 n.2.

doors. Id. ¶¶ 6-7. In 2015, Wicher purchased Bean's interest in Installed and became its sole owner. Id. ¶ 8. Installed purchased equipment from Supply that Supply had previously used for this business and began operating out of the same building. Id. ¶¶ 7-8. Since 2015, Installed has employed fewer than fifteen employees. Def. Western Wholesale Installed Sales L.L.C.'s Statement Facts Supp. Summ. J. ("Installed Statement Material Facts") ¶ 11, ECF No. 30-2. Occasionally, the Companies have employed the same employee to perform separate services for both Companies, such as bookkeeping and janitorial services. Id. ¶¶ 12-13.

Kinnebrew was hired by one of the Companies as a garage door installer in September 2017. Id. ¶ 18. Kinnebrew was fired on October 5, 2017, after he injured his back on the job.[3] Id. ¶ 21. The decision to fire Kinnebrew was made by Wicher,[4] the sole owner of Installed and partial owner of Supply. Id.

---

[3] Although the Companies do not state why Kinnebrew was fired in their statements of undisputed facts, Kinnebrew presents evidence that it was because he was injured on the job. See Mem. Opp'n Def. Western Wholesale Installed Sale, LLC & Def. Western Wholesale Supply, Inc.'s Mots. Summ. J. (Dkts. 30 & 31) ("Opp'n Mots. Summ. J."), Ex. A, Statement Disputed Facts Opp'n Defs.' Mots. Summ. J. ("Statement Disputed Facts") ¶ 2, ECF No. 32-1.

[4] Kinnebrew testified in his deposition that Wicher told him that the decision to fire him was in part because the company could not afford to have a claim against the insurance for someone injured. Decl. Brian Kinnebrew ¶ 13, ECF No. 35.

### 2. Undisputed Apparent Integration

Many of the contracts and forms that employees of Installed (including Kinnebrew) must sign while onboarding use Supply's name but omit mention of Installed, id. ¶¶ 14-16, thus appearing to give Supply, and not Installed, contractual rights with the employee. Decl. Amanda E. Ulrich Opp'n Defs.' Mots. Summ. J. (Dkts. 30 & 31) ("Urlich Decl."), Exs. Y.1-Y.10, ECF No. 33-26 (signed drug-free workplace, employer deduction, and company owned vehicles policies that list Supply, not Installed, as the entity with which the signatory is contracting). The results of Kinnebrew's drug test, which his employer ordered, listed Western Wholesale Supply as his employer. Urlich Decl., Ex. X, ECF No. 33-25.

### 3. Disputed Material Facts Suggesting Integration

The parties dispute whether the advertisement to which Kinnebrew responded named either Installed or Supply as the hiring company. See Supply Statement Material Facts ¶ 18; Mem. Opp'n Def. Western Wholesale Installed Sale, LLC & Def. Western Wholesale Supply, Inc.'s Mots. Summ. J. (Dkts. 30 & 31) ("Opp'n Mots. Summ. J."), Ex. A, Statement Disputed Facts Opp'n Defs.' Mots. Summ. J. ("Statement Disputed Facts") ¶ 2, ECF No. 32-1. The file purported to be the Microsoft Word document sent to the newspaper represents that it was last modified on October 30, 2019, twelve days after Kinnebrew served the Companies with his

discovery request. Statement Disputed Facts ¶ 2; Urlich Decl. ¶ 26, Ex. W.1.

The parties dispute whether the Companies, although working in the same building, have designated spaces within the building or exclusive equipment. Supply Statement Material Facts ¶¶ 2, 3, 7, 8; Statement Disputed Facts ¶¶ 3-4, 23, 30. The building only has one sign on it, "Western Wholesale Supply," and there is no sign for Installed within the premises. Statement Disputed Facts ¶ 3. When Kinnebrew applied for the job and filled out his paperwork, he was directed upstairs to an area that the Companies represent is reserved for Supply's exclusive operations, where he filled out paperwork which uses only Supply's name and is devoid of any mention of Installed. Id. ¶¶ 4-9. It is disputed whether Installed has ever paid rent to Supply for occupying space on Supply's premises. Id. ¶¶ 29. Installed does not have a separate utility bill from Supply but Installed allegedly reimburses Supply for some of its expenses. Id. ¶¶ 21, 29.

The parties disagree whether Supply or Installed paid Kinnebrew's wages. Supply Statement Material Facts ¶ 16; Statement Disputed Facts ¶ 16. Although the wages appear to have come from an Installed bank account, see Installed Statement Material Facts ¶ 14, the top of the paycheck stub

states "Western Whole Supply Installed Sales." Statement Disputed Facts ¶ 16.

In various other respects, from conflating the date that Installed was founded with the date Supply was founded on Installed's website, to including Supply's name on Installed's letter head, to Installed employees including Supply's name in email signatures, the line between the two Companies is blurred. Id. ¶¶ 2, 13, 15.

B. **Procedural History**

In June 2018, Kinnebrew filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") and the Idaho Human Rights Commission (the "Commission"). Supply Statement Material Facts ¶ 19. Kinnebrew named Supply as his employer. Id. On August 27, 2018, the Commission issued a notice of administrative dismissal, based upon the determination that it lacked jurisdiction to hear the charge because "[b]ased on the reports provided by [Supply] to the Department of Labor and verified by the Commission, [Kinnebrew] was not employed by [Supply] during the time he reported alleged discrimination by the same." Def. Western Wholesale Installed Sales L.L.C.'s Mot. Summ. Judgment ("Installed Summ. J. Mot."), Ex. K, Notice Administrative Dismissal & Right Sue ("Administrative Dismissal") at 2, ECF No. 30-33. On September 17, 2018, the EEOC issued its dismissal and

[7]

notice of rights, adopting the findings of the Commission. Supply Statement Material Facts ¶ 21.

On November 21, 2018, Kinnebrew filed this action in United States District Court for the District of Idaho, alleging that the Companies discriminatorily fired him on the basis of his disability. Compl.; Kinnebrew, 2019 WL 3503982, at *1. On March 4, 2019, the Companies filed motions to dismiss, which the court denied and allowed Kinnebrew limited discovery on the issue of whether the Companies acted as a single employer under the ADA. Kinnebrew, 2019 WL 3503982, at *2.

In July 2020, the Companies moved for summary judgment. Installed Summ. J. Mot., ECF No. 30; Def. Western Wholesale Installed Sales, L.L.C.'s Mem. Supp. Mot. Summ. J. ("Installed Summ. J. Mem."), ECF No. 30-1; Def. Western Wholesale Supply Inc.'s Mot. Summ. Judgment ("Supply Summ. J. Mot."), ECF No. 31; Def. Western Wholesale Supply, Inc.'s Mem. Supp. Mot. Summ. J. ("Supply Summ. J. Mem."), ECF No. 31-1; Opp'n Mots. Summ. J., ECF No. 32. In September 2020, the matter was reassigned to this Court.

**II. ANALYSIS**

The Companies argue that they are not a joint employer under the ADA. Supply Summ. J. Mem. 5; Installed Summ. J. Mem. 7. "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and . . . affidavits . . . show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Fed. R. Civ. P. 56(a). "The moving party initially bears the burden to show no material fact is in dispute and a favorable judgment is due as a matter of law." Roost Project, LLC v. Andersen Constr. Co., 437 F. Supp. 3d 808, 817 (D. Idaho 2020) (Dale, M.J.), reconsideration denied, Case No. 18-cv-00238-CWD, 2020 WL 3895757 (D. Idaho July 10, 2020) (citing Celotex, 477 U.S. at 323). If the movant meets this burden, "the non-moving party must identify facts showing a genuine issue for trial to defeat the motion for summary judgment." Id. (citing Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1229 (9th Cir. 2000)).

Taking all reasonable inferences in the nonmovants' favor, Kinnebrew identifies genuine disputes of material fact. See Docket Text Minute Entry (Feb. 24, 2021), ECF No. 47; see generally Statement Disputed Facts; Opp'n Mots. Summ. J. Thus, this Court denied the Companies' motions for summary judgment. Docket Text Minute Entry (Feb. 24, 2021).

### A. Legal Standard

An employee may only bring a claim for violation of the ADA against an employer. 42 U.S.C. § 12112(a). In Clackamas Gastroenterology Associates, P.C. v. Wells, the Supreme Court

[9]

set out six factors to aid in determining whether an organization is an employer: (1) "Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;" (2) "Whether and, if so, to what extent the organization supervises the individual's work;" (3) "Whether the individual reports to someone higher in the organization;" (4) "Whether and, if so, to what extent the individual is able to influence the organization;" (5) "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts;" (6) "Whether the individual shares in the profits, losses, and liabilities of the organization." 538 U.S. 440, 449-50 (2003) (quoting EEOC Compliance Manual § 605:0009).

In EEOC v. Global Horizons, Inc., the Ninth Circuit considered which test should be applied to determine whether a hiring party is also liable as a joint employer. 915 F.3d 631, 638 (9th Cir. 2019). The court held that the common-law test ought apply, which considers the following non-exhaustive list of factors:

> [1] the skill required; [2] the source of the instrumentalities and tools; [3] the location of the work; [4] the duration of the relationship between the parties; [5] whether the hiring party has the right to assign additional projects to the hired party; [6] the extent of the hired party's discretion over when and how long to work; [7] the method of payment; [8] the hired party's role in hiring and paying assistants; [9] whether the work is part of the regular business

>     of the hiring party; [10] whether the hiring party is
>     in business; [11] the provision of employee benefits;
>     and [12] the tax treatment of the hired party.

Id. (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992)).

There is a strong presumption that separate corporate entities are not co-employers, and "[t]he corporate form is disregarded only when the ends of justice require this result." Urrutia v. Chipotle Mexican Grill, Inc., Case No. CV 16-02065-BRO (MRWx), 2017 WL 2901717, at *11 (C.D. Cal. June 16, 2017) (citations omitted). "Under the 'single employer' doctrine, two nominally separated companies may be so interrelated that they constitute a single employer subject to liability under Title VII." Izaguirre v. Greenwood Motor Lines, Inc., No. CIV. 10-581 WBS, 2011 WL 5325658, at *6 (D. Idaho Nov. 3, 2011) (Shubb, J.) (quoting TorresNegron v. Merck & Co., Inc., 488 F.3d 34, 40-41 (1st Cir. 2007)), aff'd, 523 F. App'x 482 (9th Cir. 2013).

The Ninth Circuit analyzes four factors when "determining whether businesses should be treated as a single employer": "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213 (9th Cir. 1989). "None of these factors are dispositive, and all four need not be met in each case." Thompson v. C & H Sugar Co., Case No. 12-cv-00391 NC, 2014 WL

[11]

1266804, at *9 (N.D. Cal. Mar. 24, 2014) (citing NLRB v. Triumph Curing Ctr., 571 F.2d 462, 468 (9th Cir. 1978)).

### B. Clackamas Standard, Global Horizons Standard, and Estoppel

There is no dispute that at least Installed satisfies the Global Horizon and Clackamas standards as an employer. Kinnebrew, however, presents evidence that raises a genuine dispute as to whether Supply also satisfies these standards. Kinnebrew presents evidence that he signed contracts, not with Installed, but with Supply to (1) supervise his work, (2) drug test him, (3) withhold funds from his paycheck, and (4) conform his behavior while on the job with Supply's cell phone and company vehicle policies. Decl. Brian Kinnebrew, Ex. A, Kinnebrew Personnel Files, ECF No. 35-1.

The Companies argue that this is a clerical error, see Installed Summ. J. Mem. 11, despite none of the personnel files naming Installed as the employer or giving Installed the contractual right to supervise work, drug test, withhold funds from paychecks, or conform the employees' behavior while on the job with cell phone and company vehicle policies, see Urlich Decl., Exs. Y.1-Y.10. This evidence creates the reasonable inference that Supply is an employer under the ADA because if this is not found to be a clerical error then the first, second, and fifth Clackamas factors are satisfied. See 538 U.S. at 449-50 ((1) "Whether the organization can hire or fire the

individual or set the rules and regulations of the individual's work"; (2) "Whether and, if so, to what extent the organization supervises the individual's work"; (5) "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts"). Similarly, if this is not a clerical error, the evidence would also satisfy the sixth, seventh, ninth, and eleventh factors of the Global Horizon test. See 915 F.3d at 638 ((6) "The extent of the hired party's discretion over when and how long to work"; (7) "the method of payment"; (9) "whether the work is part of the regular business of the hiring party"; (11) "the provision of employee benefits").

Moreover, even if this were found to be a pervasive clerical error, the doctrine of equitable estoppel may still bar the Companies from avoiding liability under the ADA. See Opp'n Mots. Summ. J. 8.

> The traditional elements of equitable estoppel are that: (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.

United States v. Hemmen, 51 F.3d 883, 892 (9th Cir. 1995) (citing Watkins v. United States Army, 875 F.2d 699, 709 (9th Cir. 1989) (en banc), cert. denied, 498 U.S. 957 (1990)).

Kinnebrew has presented evidence that he had no knowledge of or reason to believe that he was working for Installed rather than Supply. Disputed Material Facts ¶¶ 3-14, 17. Reasonable inferences can be drawn from the Companies' conduct that they meant to withhold this information from Kinnebrew and that he relied on their conduct.

Therefore, whether Supply is an employer under the ADA is sufficiently subject to genuine dispute that a reasonable fact finder could rule in either party's favor. Accordingly, summary judgment must be denied.

### C. Joint Employer Doctrine

The Companies also argue that they are not joint employers because they have no interrelated operations, common management, centralized control of labor relations, or common financial control. Installed Summ. J. Mem. 9-15.[5]

---

[5] The Companies argue that this case ought be dismissed under analysis followed in an unreported case from 2011, Izaguirre v. Greenwood Motor Lines, Inc., 2011 WL 5325658. In Izaguirre, the court found that the companies were not a joint employer, despite having similar names, a parent subsidiary relationship, and shared board members. Id. at *6. This argument is weak and distinguishable in meaningful respects because, unlike in Izaguirre where the companies respected corporate formalities and treated the organizations' functions separately, here the line between the Companies' functions, finances, management, and operations is in some respects blurred and in other respects indistinguishable. See infra Section III.D.1-4.

Kinnebrew argues that all four factors exist here and presents sufficient evidence to limn a genuine dispute as to whether the Companies acted as a joint employer. Opp'n 13-21. As analyzed below, the record weighs heavily in favor of denying summary judgment because Kinnebrew presents evidence to raise genuine disputes of material facts for each factor. See infra Section III.D.1-4.

### 1. Interrelated Operations[6]

Kinnebrew presents evidence that: (1) the Companies use the same premises, Statement Disputed Facts ¶¶ 3-4; (2) there is no signage on said premises to distinguish between the entities, id.; (3) the trucks used by Installed advertise for Supply and do not include Installed's name, id. ¶ 11; (4) Supply pays for all the utilities, Installed reimburses Supply for some of the cost, and there is a dispute whether Installed has ever paid rent, id. ¶¶ 4, 7, 29; (5) any time Kinnebrew signed forms he was directed to an area of the premises that, post-hoc, the Companies represent as designated for Supply's exclusive workspaces, id. ¶¶ 4, 7; (6) Kinnebrew received a paycheck that had both Companies' names on it, id. ¶ 16; (7) Kinnebrew's drug test, which his employer ordered, listed Supply as his employer,

---

[6] Each factor is analyzed individually, but much of the evidence and analysis overlaps.

Urlich Decl., Ex. X; (8) the paperwork Kinnebrew was required to sign says "Western Wholesale Supply" or "Western Wholesale," Statement Disputed Facts ¶¶ 9-10; and (9) even after this suit was filed, and after the Companies represented that the inclusion of Supply's name on Installed's forms was a "clerical error," Installed used the same forms without amendment for new hires, id. ¶ 20.

Thus, the factor of interrelated operations weighs against summary judgment for the Companies.

### 2. Common Management

It is undisputed that Wicher is an owner of Installed and part owner of Supply, Supply Statement Material Facts ¶¶ 4, 8, and that Wicher made the decision to fire Kinnebrew, id. ¶ 21. Kinnebrew presents evidence that: (1) Bean, the partial owner of Supply, was the registered agent of Installed until just after Kinnebrew was terminated, Statement Disputed Facts ¶ 28; (2) personnel files before and after Kinnebrew filed this action give Supply, not Installed, authority to conform employees' behavior to the drug, vehicle, and cell phone policies and the authority to make deductions from employees' paychecks, Urlich Decl., Exs. Y.1-Y.10; (3) the paperwork Kinnebrew's employer required him to sign gives "Western Wholesale Supply" or "Western Wholesale" authority over him in some respects, Statement Disputed Facts ¶¶ 9-10; (4) any time Kinnebrew signed

forms, he was directed to an area of the premises that, post-hoc, the Companies represent as designated for Supply's workspace, id. ¶¶ 4, 7; (5) Kinnebrew received a paycheck that had both Companies' names on it, id. ¶ 16; and (6) Kinnebrew's drug test, which his employer ordered, listed Supply as his company, Urlich Decl., Ex. X.

There is a genuine dispute as to whether the Companies have common management and, thus, this factor weighs against summary judgment upon the Companies.

### 3. Centralized Control of Labor Relations

It is undisputed that the forms regarding Kinnebrew and his co-workers' employment and supervision stated Supply as the contracting party and not Installed. Urlich Decl., Exs. Y.1-Y.10. Also, Wicher produced Exhibit II, ECF No. 33-37, dated October 7, 2017, which details his account of firing Kinnebrew. Wicher submitted this document on letterhead that has Installed's name in the header of the document and Supply's name in the footer of the document. Ulrich Decl., Ex. II. Kinnebrew also offers evidence that Supply centralized control of the labor relations because: (1) any time Kinnebrew signed forms he was directed to Supply's workspace, id. ¶¶ 4, 7; (2) Kinnebrew received a paycheck that had both Companies' names on it, id. ¶ 16; (3) Kinnebrew's drug test, which his employer ordered, listed Supply as his employer, Urlich Decl., Ex. X; and (4) even

[17]

after this suit was filed, Installed used the same forms without amendment for new hires, Statement Disputed Facts ¶ 20.

There is thus a genuine dispute as to whether the Companies had centralized control of labor relations and this factor weighs against summary judgment.

### 4. Common Ownership or Financial Control

It is undisputed that Wicher is the part owner of Supply and sole owner of Installed. Supply Statement Material Facts ¶¶ 4, 8. Kinnebrew presents evidence that: (1) there is a dispute whether Installed has ever paid rent, and Supply pays for the utilities, Statement Disputed Facts ¶¶ 4, 7, 29; (2) Supply receives invoices from vendors for the benefit of Installed and Supply and then splits the bill with Installed, id. ¶ 21; (3) Kinnebrew received a paycheck that had both Companies' names on it, id. ¶ 16; and (4) personnel files show that Supply, not Installed, has financial authority to make deductions from purported Installed employees' paychecks, Urlich Decl., Exs. Y.1-Y.10.

There is a genuine dispute as to whether the Companies have common ownership or financial control and, thus, this factor weighs against summary judgment for the Companies.

### III. CONCLUSION

For the foregoing reasons, admissible evidence submitted by Kinnebrew demonstrates the existence of genuine disputes of

material fact. Accordingly, this Court DENIED the Companies' motions for summary judgment. Docket Text Minute Entry (Feb. 24, 2021).

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE